## TITI FOFOAGAITOTOA, Plaintiff

### v.

## MUSU FALEAFINE, Defendant

High Court of American Samoa
Trial Division

CA No. 118-91

June 17, 1992

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and BETHAM, Associate Judge.

Counsel: For Plaintiff, Charles V. Ala'ilima
 For Defendant, Togiola T.A. Tulafono

This action stems from certain attempts by the parties to conclude a land deal, which they never quite managed to get off the ground. As a result, the plaintiff, Titi Fofoagaitotoa, filed suit, claiming restitution and damages, as well as punitive damages, from the defendant, Musu Faleafine.

In early August 1990, plaintiff approached the defendant about the possibility of buying some land from him, and in their ensuing discussion, the parties agreed to a sale and purchase of a half-acre for $50,000, payable in monthly installments of $500. After accepting a cash deposit of $1000, the defendant then immediately took plaintiff and showed him a certain area which he could begin to cultivate. A week or so later, plaintiff gave the defendant another $2,000; however, the defendant also informed plaintiff that he had to be relocated onto an alternative site. The latter acquiesced, and while making his next succeeding monthly payments, he also undertook a number of improvements on this new location in the way of clearing, levelling, planting, and fencing. All of this was happening, however, before the parties had even identified in metes and bounds the subject matter of the purchase.

In the process of plotting the area shown to plaintiff, it was apparently discovered by the defendant that if he only sold to plaintiff the designated area, he would then be effectively left with useless bits and pieces of unsold surrounding areas. Consequently, the defendant proposed to plaintiff that he purchase these additional areas as well. The latter agreed. Again, before the subject matter of the agreement was finalized in the way of a survey, plaintiff began immediately to work and improve the additional areas which he gathered was the extent of the new agreement. Shortly thereafter, the parties had a falling-out. The defendant demanded that plaintiff quit the land, which plaintiff eventually did, but not without making his own demand upon the defendant for the return of monies paid and the recoupment of efforts to improve the land. The matter thus found its way to court.

As we understand the defendant's position, it is that plaintiff had failed to prove a contract for the sale and purchase of land, since the subject matter of the agreement was never defined; hence, there was no contract from which damages can arise to be breached.

We find that we need not address the issues raised by the defense. At trial, plaintiff advised the Court that the deposit and various installments which he paid towards purchasing the land--totalling $6,600--had been refunded, and that the extent of his claim was for the value of improvements which he had made to the land. To this end, plaintiff claims the sum of $7,354 as hereinafter set out.

On the evidence, we conclude that plaintiff was a "good-faith" improver whose possession of the improved land was under a claim or

111

color of title derived from the defendant himself. As such, plaintiff is entitled to equitable relief in the way of compensation for the improvements which he had made to the land. *See Faleatua v. Tauiliili*, 19 A.S.R.2d 122 (1991); *Fonoti v. Fagaima*, 5 A.S.R.2d 158 (1987); *Roberts v. Sesepasara*, 8 A.S.R.2d 124 (1988). "The measure of compensation is the lesser of two amounts: (1) the actual cost of the improvements or (2) the amount by which they have enhanced the property." *Leapagatele v. Nyel*, 17 A.S.R.2d 201, 204-05 (1990). This measure of compensation arises from the fact that the duty to compensate is derived from the "unjust enrichment of the land owner, not the impoverishment of the improver." *Roberts v. Sesepasara, supra*, at 131.

Plaintiff sets out his claim for improvements as follows: 24 loads of fill, $1,080; Backhoe rental, $90; 2 rolls of fencing wire, $136; 5 bags of cement, $23.25; iron posts for fence, $100; labor for setting up posts, $250; labor for clearing land from July, 1990, $1,000; 4500 tiapula (taro tops) at $15 per hundred, $675; and projected income from crops left on the land, $4,000. We find all but the last item of the claim to be reasonable and within the realm of compensable improvements. The last item, projected income, must necessarily be discounted since the "actual cost of improvements," not the amount which they have enhanced the property value, is the applicable measure of compensation on the evidence before us--"the lesser of two amounts." *Leapagatele v. Nyel, supra*. We hold that plaintiff is accordingly entitled to be compensated for the value of improvements which he has made to the defendant's land, in the amount of $3,354.25.

Finally, plaintiff also prays for punitive damages. We find that the evidence fails to support and warrant an award of punitive damages.

Accordingly, judgment shall enter in favor of the plaintiff, Titi Fofoagaitotoa, and against the defendant, Musu Faleafine, in the amount of $3,354.25.

It is so ordered.